ACUÑA, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Cancel a Mortgage.

No. 459.—Decided April 30, 1920.

EXECUTOR—FORCED HEIRS—CANCELATION OF MORTGAGE.—When there are forced heirs the executor alone can not cancel the legal portions of a mortgage belonging to the estate, although he may have been so authorized by the testator, for such authorization is contrary to law.

The facts are stated in the opinion.

Mr. J. Martínez Dávila for the appellant.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

An executor, under a will authorizing the collection of debts and the execution of receipts, acquittances, and cancellations of mortgages, collected the amount of a mortgage and executed the usual release, discharge and cancellation thereof.

The executor appeals from a ruling of the registrar indorsed on the instrument last above mentioned in terms as follows:

"After reviewing the necessary documents, the cancellation embodied in the preceding instrument is recorded on page 114 of volume 18, Southern Santurce, property No. 307, in triplicate, entry No. 10, only as to one-third of the mortgage credit, and denied record as to the remaining two-thirds because the power conferred on the executor to collect credits and cancel mortgages is contrary to the provisions of law as set out in sections 876, 794 and 801 of the Civil Code, since the testator left forced or legal heirs, who are alone entitled to perform such acts, which, being acts of ownership, the executor by himself and without the authorization of the said heirs, so far as concerns the legal portions, is inhibited from performing. A cautionary notice for the legal period is included in the said entry. A third part of the credit, cancellation of which has been recorded,

must be considered as the part of free disposal, and the remaining two-thirds, whose cancellation is denied admission to record, must be considered, so long as the estate of the deceased remains undivided, as comprising the legal portions or shares.''

Appellant cites *Morales* v. *López,* 3 P. R. R. 81; *Crehore* v. *Registrar,* 22 P. R. R. 30, and section 876 of the Civil Code which merely enumerates the powers possessed by executors when not specially determined by the testator. In neither of the cases referred to was the question involved herein raised or discussed. The case of *Crehore* v. *Registrar,* however, is in point as holding that the cancellation of a mortgage is an alienation. See also *Gómez* v. *Registrar,* 26 P. R. R. 223, and *Loubriel* v. *Registrar,* idem, 662.

Appellant also quotes from 6 Manresa 769, as follows:

''We do not believe that the spirit of our code is opposed to the legislation authorizing executors to take temporary charge of the estate of the deceased, invest the part of free disposal thereof, and effect partition, etc. even where there are legal heirs; but it would be illegal to authorize the investment of the entire estate or of any portion thereof in excess of the part of free disposal, forbid the intervention of the judicial authorities or restrict in any way the title to the legal portions.''

But manifestly if, as we have repeatedly held, the cancellation of a mortgage amounts to an alienation of real property rights, the same cannot be regarded as a mere reduction to possession of the property belonging to the estate.

In *Succession of Criado* v. *Martínez,* 25 P. R. R. 308, a majority of this court was agreed that ''to hold that a testator can order that after his death a person who is not one of the heirs may sell real property belonging to his estate without the intervention of his forced heirs, whether they be adults or minors, would be to destroy the entire system established by the Civil Code, especially by the general provisions of sections 664 *a* to 669 thereof.''

That decision was rendered after much deliberation. No

mention thereof is made in the brief of appellant and no new light is brought to bear on the question. In the circumstances we do not deem it necessary to go over the ground already covered by the three opinions delivered in that case.

The ruling appealed from must be ·

*Affirmed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey dissented.